# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMEWATCH INTERNATIONAL, INC., a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC HOME CARE SERVICES, INC., a California corporation, and GARAGIN VERTANESSIAN,<br><br>Defendant. | Case No. 2:11-CV-6827-RSWL(JCx)<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed: August 19, 2011<br>Trial Date: None |

The Court recognizes that certain of the documents and information sought by the parties in discovery in this action includes protected health information of Defendants' current or past clients pursuant to C.F.R. § 164.512(e)(ii)(B) and other confidential business and personnel records. To permit the disclosure and production of such documents and information, the parties have agreed to be bound by the terms of the Protective Order ("Order"). The purpose of this Order is to protect the confidentiality of such materials. THEREFORE:

1. This Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories,

responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff or Defendants and/or information contained in Plaintiff's or Defendants' confidential business records, personnel records, documents, materials, and communications, including, but not limited to, protected health information or information identifying or relating to Defendants' past or present clients. CONFIDENTIAL information shall not be disclosed or used for any purpose except this litigation, including the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys who are actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    (c)    the parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

    (e)    the Court in this case and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

    (g)    deponents and witnesses identified in the F.R.C.P. 26 disclosures in this case, including any supplemental disclosures; and

    (h)    other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Order and obtain from such person a written acknowledgment stating that he or she has read this Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL."

7. Before any documents designated as CONFIDENTIAL are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal in accordance with the provisions of Local Rule 79-5.1.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made and the grounds therefore.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the objecting party may move the Court for a ruling on the objection in accordance with the provisions of Local Rules 37-1 through 37-1-4.  The disputed information shall be treated as CONFIDENTIAL under the terms of this Order until the Court rules on the motion. If the party objecting to the designation fails to file such a motion within twenty (20)

business days of the written notice, the disputed information shall be deemed CONFIDENTIAL in accordance with this Order.  In connection with a motion filed under this provision, the party asserting the designation of the information as CONFIDENTIAL shall bear the burden of establishing that the disputed information should be treated as CONFIDENTIAL.

10. This Order does not prohibit a party from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as CONFIDENTIAL.

11. At any stage of these proceedings, any party may request that it be permitted to disclose materials designated as CONFIDENTIAL Information to individuals not permitted by this Order to view such materials.  The party must notify, in writing, counsel for the designating party of the identity of the relevant materials and the individuals to whom the party wishes to disclose the materials.  If the request is not resolved consensually between the parties within ten (10) business days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure in accordance with the provisions of Local Rules 37-1 through 37-1-4.  The materials at issue must be treated as CONFIDENTIAL Information, as designated by the designating party, until the Court has ruled on the request.

12. All CONFIDENTIAL Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.

Counsel for each party, and each person receiving CONFIDENTIAL Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If CONFIDENTIAL Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. No party will be responsible to another party for disclosure of CONFIDENTIAL Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14. If a party, through inadvertence, produces any CONFIDENTIAL Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed CONFIDENTIAL Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each

such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

15. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

16. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as CONFIDENTIAL Information, provided that the contents of the information must not be disclosed.

17. Neither this Order nor a party's designation of particular discovery materials as CONFIDENTIAL shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Order.

18. Information designated CONFIDENTIAL pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure in writing or on the record; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom CONFIDENTIAL Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to counsel for the party which made the designation, and, to the extent legally permissible, permits counsel for that party sufficient time to intervene

and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

19. This paragraph does not apply to documents in the possession or custody of Court Personnel. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL, including any protected health information, shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

20. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

21. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the

Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this 3rd day of October, 2011.

/s/
Hon. Jacqueline Chooljian
United States Magistrate Judge